UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PETER R. HARVEY AND ROBERT P. LOFBLAD | CIVIL ACTION |
| VERSUS | NO: 99-775 |
| ROLAND J. JOYCE AND CTC MINERALS, INC. | SECTION: "J" (3) |

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion to Alter and/or Amend Judgment. (Doc. 247.) The motion is opposed. (Doc. 252.) For the following reasons the motion should be DENIED.

Plaintiffs request pursuant to Federal Rule of Civil Procedure 59(e) that this Court amend its Judgment of September 28, 2006 to include an award of pre-judgment interest commencing on January 1, 2005. "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.' Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citations omitted). This Court may properly decline to consider new arguments or new evidence on reconsideration

where those arguments were available to the movant prior to the order. *Id.*

Plaintiffs fail to point to any error of fact or law made by this Court or to present any new evidence. They simply make an argument of fact and law as if the issue of pre-judgment interest were pending before the Court. Plaintiffs never requested pre-judgment interest at or before trial and have given no reason why they failed to do so or why this Court should consider it now.

Even if the Court were to reconsider its judgment, the relief Plaintiffs request is not warranted. The Investor Agreement under which the Court found that Plaintiffs were owed sums of money, was bilateral, meaning each party assumed an obligation in exchange for performance of the other's obligation. La. Civ. Code art 1908. Among other mutual obligations, Joyce was obligated to distribute the proportionate benefits of the investment and in exchange Plaintiffs were obligated to pay their share of the costs. Interest is the damage for delay where the obligation is to pay money. La. Civ. Code art. 2000. Damages for delay are owed from the time a party is put in default. La. Civ. Code art. 1989. When a reciprocal obligation is owed, one party cannot put the other in default unless he has performed or is ready to perform his own obligation. La. Civ. Code art. 1993.

Thus, Plaintiffs were required to perform or indicate their willingness to perform their own obligations in order to put Joyce in default and begin to accrue interest. The parties to this suit were manifestly unwilling to perform their mutual obligations, so an award of pre-judgment interest as a delay damage is unwarranted in this circumstance.

In addition, the amount owed by each party was not ascertainable until after Joyce's 2004 tax returns were completed. These returns were not completed, and Mr. Panzeca was not able to include the information from them in his accounting, until just prior to trial. Thus, performance was not due by Joyce on December 31, 2004 as Plaintiffs claim.

For these reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Alter and/or Amend Judgment (Doc. 247) is **DENIED.**

New Orleans, Louisiana this the  1st day of November, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

3